UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRIVATE LENDERS GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-285 (CEJ) |
| DOES 1-17, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Doe 17 to sever or dismiss for misjoinder or, in the alternative, to quash the subpoena issued to Doe 17's Internet Service Provider (ISP). Also before the Court is the motion to quash filed by an unknown Doe defendant. Plaintiff has responded in opposition to these motions.

I. Background

Plaintiff is a company that produces, markets, and distributes motion pictures. Plaintiff initiated this action against defendants, Does 1-17, alleging copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§101 *et seq.* Plaintiff claims that the defendants obtained and shared its copyrighted motion picture "After the Wizard" through the "peer-to-peer" file transfer technology protocol known as BitTorrent. BitTorrent facilitates rapid sharing of data files by organizing users into distribution networks known as "swarms." Data files are broken into pieces, and users in the swarm are able to download and upload those pieces from each other simultaneously.

Plaintiff identified defendants by their unique Internet Protocol (IP) addresses assigned by their ISPs. To learn the names and contact information of the defendants,

plaintiff sought and received leave of Court to serve limited discovery upon defendants' ISPs. Doe 17 was notified of this action by an ISP, and filed the instant anonymous motion, arguing that "swarm joinder," or the joinder of participants in a BitTorrent swarm in a single action, is not authorized by the Federal Rules of Civil Procedure and is neither a fair nor efficient means to conduct litigation.

## II. Discussion

### A. Swarm Joinder and Divided Courts

The practice of swarm joinder has sharply divided district courts. Some courts reject swarm joinder as failing to meet the requirements of permissive joinder set forth by Fed.R.Civ.P. 20(a). See, e.g., Kill Joe Nevada, LLC v. Does 1-10, No. 1:13-cv-1516-JEC, 2013 WL 3381260, at *3 (N.D. Ga. July 8, 2013); Voltage Pictures, LLC v. Does 1-198, No. 6:13-cv-290-AA, 2013 WL 1900597, at *2 (D. Or. May 4, 2013); Malibu Media, LLC v. Does 1-21, No. 12 C 9656, 2013 WL 2458290, at *6 (N.D. Ill. June 6, 2013); Third Degree Films, Inc. v. Does 1-4, No. 12-CV-1849 BEN (BGS), 2013 WL 3762625, at *2 (S.D. Cal. July 16, 2013). Other courts find swarm joinder appropriate under Rule 20(a). See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 342-43 (D.D.C. 2011); Patrick Collins, Inc. v. Does 1-39, No. 12-cv-96-AW, 2012 WL 1432224, at *3 (D. Md. Apr. 24, 2012); Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 244 (S.D.N.Y. 2012). A third group of courts have determined that, regardless of whether Rule 20(a) is satisfied, swarm joinder should be disallowed because it undermines the Federal Rules' goals of efficiency and fairness. See, e.g., PHE, Inc. v. Does 1-27, No. 4:13-cv-480 (SNLJ), 2013 WL 3811143, at *3 (E.D. Mo. July 22, 2013); ReFX Audio Software, Inc. v. Does 1-97, No. 4:13-CV-409 (CEJ), 2013 WL 3766571, at *3 (E.D. Mo. July 16, 2013); Third Degree Films, Inc. v. Does 1-47,

286 F.R.D. 188, 198 (D. Mass. 2012); Patrick Collins, Inc. v. Does 1-30, No. 12-3148, 2013 WL 1157840, at *3 (E.D. Pa. Mar. 21, 2013).

In previous cases, this Court adopted the third approach. While the Court expressed an "inclination to reject the practice of swarm joinder," it ultimately reserved judgment on the issue and severed defendants based on concerns regarding inefficiency and unfairness. ReFX Audio Software, 2013 WL 3766571, at *3. In a recent case involving 97 defendants, the Court observed that the large number of defendants would lead to confusion and complexity, as each defendant might raise and litigate unique defenses. In fact, the Court had already received motions from five Does, each asserting different defenses. Id. at *3-4. Furthermore, the Court found that defendants would be prejudiced by the swarm joinder, as each would have to serve the others with all pleadings and would have the right to attend all depositions, case management conferences, and courtroom proceedings. Id. at *4. Finally, the Court expressed concern about the potential use of swarm joinder as a tactic to coerce settlement - a concern substantiated by the fact that six of the 97 defendants had been voluntarily dismissed, presumably after settling with plaintiff. Id.

The Court applied this same reasoning to sever 25 defendants in a subsequent swarm joinder case. PHE, Inc., 2013 WL 3811143, at *2 ("Although this case has 'only' 27 defendants (of which 25 remain), which is relatively more manageable than the cases involving a hundred or more defendants, the Court finds that the same principles apply here."). However, as the number of defendants decreases, there is a corresponding diminution in the likelihood and degree of inefficiency and prejudice resulting from swarm joinder. Id. Only 16 defendants remain in the instant case.[1]

---

[1] Plaintiff voluntarily dismissed Doe #7 with prejudice.

Because the concerns leading the Court to sever defendants in prior cases apply to a lesser degree to this case, the Court will now squarely address the propriety of swarm joinder under Rule 20(a) of the Federal Rules of Civil Procedure.

B.  Permissive Joinder of Defendants under Rule 20(a)

Rule 20(a)(2) provides that defendants may be joined in a single action if: "(A) any right to relief is asserted against them… with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all defendants will arise in the action." The difficult question is whether a copyright holder's claims against participants in a BitTorrent swarm infringing on that copyright arise from the same transaction, occurrence, or series of transactions or occurrences.

Some courts answer that question in the affirmative, and reason that there exists a "logical relationship between the series of individual downloads" sufficient to support permissive joinder. Patrick Collins, Inc., 2012 WL 1432224, at *3; see also Digital Sin, Inc., 279 F.R.D. at 244 ("[I]t is difficult to see how… a series of individuals connecting either directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file - could *not* constitute 'a series of transactions or occurrences' for the purposes of Rule 20(a)."). While each Doe defendant may be several degrees removed from the next - for example, it is unlikely that Doe 17 obtained a piece of the copyrighted material directly from Doe 16, who may no longer be online at the time of Doe 17's download - "each download directly facilitated the others in such a way that the entire series of transactions would have been different but for each of Defendants' infringements." Patrick Collins, Inc., 2012 WL 1432224, at *3. In short, these courts are willing to

entertain the legal fiction that each member of the swarm contributed to every other member's illegal activity - whether they *actually* did or not. See, e.g., Call of the Wild Movie, 770 F.Supp.2d at 343 ("Each putative defendant is *a possible source* for the plaintiffs' motion pictures, and *may be* responsible for distributing the motion pictures to the other putative defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material.") (emphasis added).

Permissive joinder should not be permitted when it rests upon a pure legal fiction. Even under the broad interpretation of Rule 20(a) and the liberal construction of the word "transaction" adopted by the Eighth Circuit, defendants may not be joined "in the absence of a transactional link" between them. DIRECTV v. Loussaert, 218 F.R.D. 639, 642 (S.D. Iowa 2003) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)). A transactional link is missing when the defendants' acts, though identical, were "separate and independent." Id. at 643. In the instant case, each defendant engaged in the alleged BitTorrent activity on different dates, at different times, over a period of approximately three months. Pl. Ex. A [Doc. #1-1]. While it is possible that some defendants obtained pieces of the data file from a preceding defendant, it is equally likely that earlier defendants had no involvement in later exchanges of data because they, and anyone who downloaded the file from them, left the swarm and were no longer available sources of data. See Sean B. Karunaratne, Note, The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits, 111 Mich. L. Rev. 283, 295-96 (Nov. 2012) (providing useful hypotheticals to illustrate that "it is not always the case that the earlier activity of participants in a BitTorrent swarm paved the way for later participants to obtain the file.").

Because any connection between the defendants' otherwise separate and independent acts is entirely speculative, joinder of defendants is not appropriate under Rule 20(a). See Malibu Media, LLC, 2013 WL 2458290, at *7 ("any inference that… [defendants'] downloading of the movie depended on each others' activity, is speculative, and does not justify joinder.").[2] The remedy for misjoinder is not dismissal of the action. Fed.R.Civ.P. 21. Instead, the Court will sever and dismiss without prejudice the claims against all defendants except Doe 1 in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the March 4, 2013 order permitting limited discovery [Doc. # 6] is **vacated**.

**IT IS FURTHER ORDERED** that defendant Doe 17's motion to sever [Doc. # 8] is **granted**.

**IT IS FURTHER ORDERED** that defendant Does 2-17 are **severed** from this action and the claims against them are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the motion of the unknown Doe defendant to quash [Doc. #7] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2013.

---

[2] The Court has considered plaintiff's arguments regarding the need to deter BitTorrent users from copyright infringement, and the difficulty of doing so when a copyright holder must sue each defendant separately and pay separate filing fees for each action. However, because defendants' downloading activities do not constitute a series of transactions or occurrences under Rule 20(a), the defendants cannot be joined in a single action.